Dorothy June CROUCH, Appellant,

v.

SECOND NATIONAL BANK & TRUST COMPANY, Executor of the Estate of Charles O. Crouch et al., Appellees.

Court of Appeals of Kentucky.

Nov. 7, 1969.

Gardner L. Turner, Sturgill, Moreland & Turner, Lexington, for appellant.

Lindsey W. Ingram, Jr., Spencer D. Noe, Stoll, Keenon & Park, Lexington; Joseph R. Wheat, Gess, Mattingly, Saunier & Atchison, Lexington, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

The summary judgment of the circuit court upheld the will of Charles O. Crouch. The appellant, Dorothy June Crouch, the wife, has prosecuted this appeal claiming that she and her husband, Charles

O. Crouch, executed mutual and reciprocal wills on the same date and that a later will executed by her husband did not conform to the original agreement or "memorandum," for which reason she claims the last will is invalid. We affirm the judgment.

On December 16, 1954, Charles O. Crouch, now deceased, and his wife, Dorothy June Crouch, executed separate wills, in each of which the testator left his or her property to the survivor. Simultaneously with the execution of their wills, they each signed what they designated a "memorandum," the pertinent part of which is as follows:

> "It is also the mutual agreement of myself, and my wife, Dorothy June Crouch, that in the event either of us should make any change, or changes, by Codicil, or otherwise, in our Wills, dated December 16th, 1954, that the other should be immediately notified in order, if desired, to make a similar or corresponding change in her will of the same date."

On October 17, 1962, Charles O. Crouch executed another will, in which he devised to his wife only her statutory share in his estate in lieu of all his estate. Some years later, Charles O. Crouch became incompetent, and the appellant was qualified as committee. Charles O. Crouch died February 5, 1968. About three weeks before his death, he kept insisting that he wanted to go to the bank to look in his lockbox. The appellant dissuaded him from making such an effort, but she, in the company of a relative, went to the bank, examined the contents of the lockbox, and found that her husband had executed a later will.

It is the contention of the appellant in this appeal that her husband did not comply with the mutual agreement in which he undertook to "immediately notify" her of any change in his will, and that the last will is therefore invalid, and she should take his entire estate and not her statutory share as fixed by the last will.

We think it is clear from the "memorandum" signed and executed at the time their similar and separate wills were executed that both parties reserved the right of revocation, that is to make any "change or changes, by codicil, or otherwise." It is equally clear that the parties contemplated and agreed that in the event either should desire to change his or her will, immediate notice should be given to the other party. Admittedly, Charles O. Crouch did not give appellant immediate notice of his change, but the purpose of notice was to give the party being notified an opportunity to make such change as he or she desired, and the appellant received actual notice of the change three weeks before the death of her husband when she discovered the last will in his lockbox. Therefore she had, and still has, ample opportunity to make "a similar or corresponding change in her will." So she has sustained no prejudice by reason of his failure to give "immediate notice." See Boner's Administratrix v. Chestnut's Executor, Ky., 317 S.W. 2d 867. Failure to give "immediate notice" to appellant of change in the will of Charles O. Crouch did not operate to invalidate it.

The judgment is affirmed.

All concur.